**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-2012**

─────────────

ARCO NATIONAL CONSTRUCTION, LLC, f/k/a ARCO National Construction Company, Inc.,

Plaintiff/Counter-Defendant - Appellee,

v.

MCM MANAGEMENT CORP.,

Defendant/Counter-Plaintiff - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:20-cv-03783-JRR)

─────────────

Argued:  October 22, 2025                    Decided:  November 20, 2025

─────────────

Before WILKINSON, WYNN, and RUSHING, Circuit Judges.

─────────────

Appeal dismissed by unpublished opinion. Judge Wynn wrote the opinion, in which Judge Wilkinson and Judge Rushing joined.

─────────────

**ARGUED**:  Eric Michael Leppo, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellant.  Eli Robbins, HARRISON LAW GROUP, Towson, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

The defendant in this case initially protested that the district court's rulings had prevented it from bringing its counterclaims in arbitration. But then, the arbitrator allowed the defendant to raise those very counterclaims in arbitration. That renders the thrust of this appeal moot, so we dismiss the appeal and leave the merits of this dispute for arbitration.

I.

In August 2015, Plaintiff ARCO National Construction, LLC ("ARCO"), a general contractor, entered into a Subcontract with Defendant MCM Management Corporation ("MCM") to provide excavation and utility installation services on a project known as "Sparrows Point" in Baltimore, Maryland. Though initially narrow in scope, the Subcontract was amended numerous times with change orders that modified the scope of the work and significantly increased the amount ARCO owed MCM.

At some point between August 2015 and May 2017, a dispute arose between ARCO and MCM over the amount ARCO owed to MCM and MCM's subcontractors under the Subcontract. ARCO and MCM settled that payment dispute and memorialized the terms of their settlement in a Settlement Agreement signed by MCM on May 9, 2017, and ARCO on May 11, 2017.

Under the Settlement Agreement, ARCO agreed to immediately pay MCM $80,858.66 and various of MCM's subcontractors a total of $1,583,138.06 to satisfy their claims of nonpayment. ARCO and MCM also agreed to execute Change Order #25-S (the "Change Order"), attached as Exhibit A of the Settlement Agreement.

2

In relevant part, the Change Order directed ARCO to pay MCM a $100,000 settlement payment and an additional $50,000 payment for "Landfill clean-up." J.A. 190.[*] However, the Change Order also provided that if this work were not completed by May 26, 2017 (the "Completion Date"), "then the Subcontract Sum [would] be automatically reduced by $50,000 without further change orders or action by either party." J.A. 190.

The Settlement Agreement also broadly released ARCO from claims "that MCM has, had, or may have arising out of or related to any transactions, occurrences, acts or omissions in any way relating to the Subcontract and the Project." J.A. 186. That release clause contained only two exceptions: (1) "the Parties' obligations pursuant to this Agreement," and (2) "MCM's right to payment for the Remaining Work," defined as "the work described in Change Order #25-S." J.A. 186, 197.

The parties agree that MCM failed to perform the landfill cleanup by the Completion Date of May 26, 2017. Nevertheless, MCM continued cleaning up the landfill beyond that date, with both parties continually discussing the timeline for completion well beyond May 2017. On July 24, 2020, the owner of the worksite informed ARCO that the landfill work was never completed and that MCM had formally refused to complete the work.

On December 30, 2020, ARCO filed a Complaint in federal court against MCM, alleging a single count of breach of contract for failing to complete the landfill work. MCM moved to dismiss, arguing the claim was subject to arbitration under the Subcontract and that ARCO failed to sue within the 3-year statute of limitations for breach of contract

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

claims under Maryland law because ARCO had known MCM was in breach at least by the Completion Date of May 26, 2017.

The district court denied the motion to dismiss. MCM then filed an answer and counterclaims for breach of contract, tortious interference with contract, and tortious interference with prospective economic advantage. MCM's counterclaims principally alleged that ARCO interfered with MCM's right to complete the landfill cleanup work in the first place.

After discovery, both parties filed motions for summary judgment. The district court granted ARCO's motion after finding that MCM's counterclaims were released by the Settlement Agreement. The district court denied MCM's motion, which again asked that the court find ARCO's claim was brought outside the statute of limitations, for reasons similar to its initial denial of MCM's motion to dismiss.

MCM then moved to compel arbitration of the sole remaining cause of action, ARCO's breach of contract claim. The district court granted the motion.

MCM then appealed two orders of the district court: (1) the September 10, 2021, order denying MCM's motion to dismiss, and (2) the July 7, 2023, summary judgment order. The thrust of MCM's appeal was that the district court's various rulings collectively robbed MCM of the opportunity to bring its counterclaims in arbitration.

While this appeal was pending, the case proceeded in arbitration. In a last-minute filing shortly before oral argument before this Court, the parties informed this Court that, in fact, the arbitrator had allowed MCM to bring its counterclaims in arbitration after all. In those proceedings, the arbitrator came to the same conclusion on the merits as the district

4

court: MCM's counterclaims were released by the Settlement Agreement, and there was at least a genuine dispute of material fact on the running of the statute of limitations.

Given those developments, ARCO moved to dismiss this appeal in its entirety. But MCM opposed dismissal.

## II.

The question in this case is this: why are we here? Said differently, is there anything left of this appeal requiring resolution by this Court? The answer is no, and so we dismiss the appeal in its entirety.

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). "Stated in its simplest form, 'a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Here, MCM's appeal is now moot. Even if we were to agree with MCM that this case should have gone to arbitration in the first instance, MCM's alleged injury has already been cured because MCM was able to bring its counterclaims in arbitration. And though MCM also argues that the district court erred on the merits in denying its motion for summary judgment as to the statute of limitations, jurisdiction for that determination now

5

lies in arbitration—a venue MCM wanted all along—and not with this Court. *See Mosley v. Wells Fargo & Co.*, No. 22-cv-1976, 2023 WL 3185790, at *4 (S.D. Cal. May 1, 2023), *aff'd*, No. 23-55478, 2024 WL 977674 (9th Cir. Mar. 7, 2024) ("Once a party demands arbitration, as here, the party has submitted to the authority of the arbitral tribunal.").

We therefore dismiss the appeal.

*APPEAL DISMISSED.*